Baca v. Roth, Davis and Jaramillo, 19 N. M. 620

(No. 1696, December 21, 1914)
TRINIDAD G. DeBACA, Appellant, vs. PETER ROTH, THOMAS DAVIS and AGAPITO JARAMILLO, Appellees.

### SYLLABUS BY THE COURT.

1. Weaver v. Weaver, 16 N. M. 98; 113 Pac. 599, followed as to control of district courts over their judgments.

P. 622

Appeal from District Court, San Miguel County; David J. Leahy, Presiding Judge. Affirmed.

T. B. CATRON, for appellant.

Motion to vacate judgment and restore case to docket. 1 Black on Judgments, Secs. 313, 306, 321, 322, 345, 297; 48 Md. 404; 104 U. S. 416.

Power to vacate. 18 Md. 138; 14 Hun. 221; 8 N. Y. Supp. 230; 4 How. Pr. 6; 18 How. Pr. 544.

Statutes regulating opening of judgment. 19 N. E. Rep. 844; 69 N. C. 410; 18 Abb. Pr. 2; 17 Abb. Pr. 177; 8 S. D. 419; 24 La. Ann. 48; 31 Ia. 286; 62 Ill. 137; 15 Tex. 345; 80 App. Div. Supp. Ct. (N. Y.) 295; 66 Ga. 30; 83 Ind. 234; 69 Ind. 577; 94 Minn. 437; 4 Nev. 171; 1 N. M. 401; 153 Pa. St. 622; 38 Ill. 249.

Inherent power of courts to set aside judgment obtained through fraud, etc. 23 Cyc. 907; 202 Ill. 257; 17 A. & E. Enc. L., 2nd Ed., p. 827; 87 Ill. 474; 111 Ill. 176; 134 Ill. 195; 149 Ill. 420; 200 Ill. 56; 111 Ia. 339; 14 N. H. 203; 43 N. H. 508; 5 Met. 200; 17 Pick. 170; 23 N. H. 126; 2 Mackey 236; 18 Md. 130; 9 Wheat. 576; 14 Md. 565; 34 Md. 41; 101 Ga. 113; 17 Mich. 235; 12 Mich. 449.

Judgments may be set aside for fraud and mistake. 46 Ia. 176; 16 So. 533; 1 McMill (S. C.) 293; 50 N. Y. 586; 51 Mo. 259; 28 Mo. 80; 38 Mo. 421; 153 N. Y. 314.

Court will grant relief in furtherance of justice. 35 Minn. 211; 23 Pa. Supp. Rep. 607; 88 Fed. 770; 13 Pa. Supp. Ct. 439; 67 Cal. 293.

Baca v. Roth, Davis and Jaramillo, 19 N. M. 620

Judgment may be impeached or set aside for fraud. 59 Cal. 179; 93 Ind. 495; 15 Wis. 567; 27 Wis. 667; 47 N. J. Eq. 278; 62 N. Y. Supp. 852; 13 Phil. Rep. 82; 14 S. D. 614; 1 Black on Judgments, Sec. 355; 25 S. W. 182; 83 Tenn. 473.

Agreement between parties that case should be continued. 9 Ark. 354; 92 Ind. 296; 72 Ind. 379; 81 N. C. 106; 47 N. H. 507; 5 El. & B. 301; 6 A. & E. (N. S.) 587; 12 Pa. St. 328; 30 Md. 558; 5 Mich. 30; 21 Ia. 58; 12 N. Y. 156; 30 Ind. 435; 1 Ind. App. 33; 13 Kan. 171; 13 N. J. L. 264; 10 Abb. N. C. 359; 19 How. Pr. 289; 12 N. Y. 215; 3 Barn. & Ald. 934; 18 Wend. 628; 10 Abb. Pr. 407; 33 N. Y. 9; 16 How. Pr. 203; 2 Abb. N. C. 238; 8 Hun 61; 41 How. Pr. 221; 5 How. Pr. 484; 26 Barb. 263; 25 Wis. 566.

Doubt. 38 Pac. 512; 41 Cal. 17; 99 Cal. 425; 23 Mo. 411; 89 Cal. 232; 41 Cal. 17.

When court bases judgment on ground that it has no power to vacate or set aside judgment, it is error, 65 N. C. 394.

Sufficient reason for opening or vacating judgment. 42 La. Ann. 194; 47 Md. 281; 22 Mo. App. 191; 43 Mo. 309; 3 Ohio 448; 7 Ohio Rep. 188; 37 Neb. 359; 62 Tex. 65; 38 Ia. 434; 12 Pa. 328; 25 Humph. (Tenn.) 47; 12 Wheat., p. 10; 16 Gray 364; 20 Wis. 268; 82 Wis. 135; 31 Oreg. 231.

HUNKER & HUNKER, for appellee.

Order of dismissal. 23 Cyc. 901, 905, 907; Sec. 2685 C. L. 1897; 16 N. M. 98; 58 Fed. 536; 77 N. M. 503; 189 S. W. 289; 80 Pac. 1065; 74 Pac. 301; 104 U. S. 410; 117 U. S. 665; 2 Mackey 236; 29 So. 622; 51 Atl. 601; Vol. 7, Am. Digest, Dec. Ed., Sec. 81; 115 Ill. App. 599; 85 Mo. App. 298; 28 N. Y. Supp. 769; 16 S. D. 591; 22 S. E. 36, 901; 14 Ill. App. 38; 50 Ill. App. 595; 11 S. W. 100; 28 N. Y. Supp. 769; Cyc. 921; 202 Ill. 257.

## OPINION

MECHEM, D. J.—This action was brought May 6th, 1889. On December 10th, 1910, it was stricken from the

docket with leave to re-instate. On May 16th, 1911, on motion of plaintiff's attorney it was reinstated upon condition that it be "disposed of within six months or stand dismissed." On December 30th, 1911, a judgment of dismissal was entered which recited the previous orders relative to the case and that the order of May 16th, 1911, had not been complied with.

On December 13th, 1913, plaintiff's attorney moved the court to set aside the judgment of dismissal as inadvertently entered, supporting the motion by his affidavit which alleged that after the entry of the order of May 16th, 1911, plaintiff's attorney had spoken to the district judge with respect to the importance of keeping this cause on the docket until another action then pending in the same court, between the same parties and involving the same subject matter, should be finally determined and that the said judge assured "affiant that this cause would not be disposed of until the other action should be determined unless further notice should be given to affiant in regard to the same." And that the judgment of dismissal was entered without notice to him and that the other action was then still pending. The lower court ruled that it was "without power to sustain the said motion and restore the said cause to the docket and doth therefore overrule the same"; which ruling is assigned as error here.

This case presents no features distinguishable from Weaver v. Weaver, 16 N. M. 98, 113 Pac. 599, which would call for a departure from the rule laid down there, and upon the authority of that case the judgment of the lower court is affirmed, and, IT IS SO ORDERED.