OGLESBY *v.* ATTRILL and others.

CASSARD *v.* SAME.

GILLESPIE *v.* SAME.

HELLMAN *v.* SAME.

CHISM *v.* SAME.

FEE *v.* SAME.

SEARS *v.* SAME.

*Circuit Court, S. D. New York.* June 5, 1884.)

1. PRACTICE—RES ADJUDICATA—ACTION BY STOCKHOLDER.
   To a bill filed by a stockholder of a corporation to rescind a sale of his stock, which he was induced to make by the fraudulent practices of the defendant, the defendant pleaded a former adjudication in his favor in an action at law between the parties, in which the complainant sought to recover damages of the defendant for the fraud. *Held* that, although the case made by the bill as to the details of the transaction and the matters of evidence of fraud differed from the case tried in the former suit, the *gravamen* of the case was the same in each, and the judgment in the former suit was *res adjudicata.*

2. SAME—WHAT ISSUE IS CONCLUDED BY.
   The matter in issue or point in controversy, which is concluded by a former judgment, is that ultimate fact, or state of facts, upon which the verdict was based.

3. SAME—WRIT OF ERROR—AFFIRMANCE OF JUDGMENT.
   On a writ of error taken from the judgment in the former suit the judgment was affirmed. *Held,* that the effect of the judgment was not impaired because the appellate court, in affirming the judgment, did not, in the opinion delivered, consider the question whether the conduct of the defendant was fraudulent or not.

In Equity.

*Miller, Peckham & Dixon,* for complainants.

*Roscoe Conkling* and *S. G. Wheeler, Jr.,* for defendant.

WALLACE, J. 1. The questions raised by the demurrers to the amended and supplemental bills were considered and decided adversely to the defendants on a former occasion, when the demurrers to the original bills in several of these cases were heard by this court. As the present bills, except in the suits of Oglesby and Cassard, are the same as the former respecting all material matters, and as the additional facts now alleged in the bills of Oglesby and Cassard are only important for the purpose of anticipating and assailing matters of defense to the bills, it would not be profitable, and is deemed unnecessary, to reconsider what was then deliberately determined.

2. The pleas filed in the cases of Oglesby and of Cassard set up a good defense to the bills. One of the issues litigated in the former

suit between the parties, which is pleaded as a bar, was whether complainants Oglesby and Cassard had been induced to part with their stock in the Crescent City Gas-light Company by the fraudulent acts of the defendant in inducing the directors of the company to concert and carry out a scheme of wanton and illegal assessments upon the stock, and of other oppressive conduct towards the complainants, to enable him to purchase the stock for a mere nominal price. It appears by the averments of the plea, and more fully by the record, which is made a profert, as well as by the record and opinion in the case on writ of error to the supreme court, used by stipulation upon the hearing, that this issue was presented by the pleadings, was submitted specifically to the jury, and was decided adversely to the complainants. It is perfectly clear that the complainants sought to recover damages in that suit for the loss of their stock by reason of the frauds which are the *gravamen* of the present cause of action. The case made by the bill differs in matters of evidence from that tried and determined in the former action, and the complainants now seek a rescission of the transfer of the stock, and an accounting instead of the damages which they then claimed; but the cause of action is the same. The matter in issue or point in controversy, which is concluded by a former judgment, is that ultimate fact or state of facts upon which the verdict was based. *Smith* v. *Town of Ontario,* 18 Blatchf. 454[1]; *King* v. *Chase,* 15 N. H. 9. In the former suit the matter in issue or point in controversy was whether the defendant had fraudulently obtained the complainants' stock by manipulating the management of the corporation so as to coerce them to sell it to him. This having been decided against the complainants, they are concluded from reopening that controversy, although the incidents of the transaction and the evidence, as now presented, may vary materially from those relied on in the former suit. The case of *Price* v. *Dewey,* 11 FED. REP. 104, is quite analogous to this, and is in apposite. The judgment in the former suit has never been reversed, although it was reviewed on writ of error by the supreme court. The complainants cannot escape its effect as an estoppel because the judge who delivered the opinion of the supreme court affirming the judgment did not deem it necessary to consider whether the point now in controversy was properly decided against the complainants in the court below or not. What the supreme court adjudged was that the judgment should be affirmed. What the court said is valuable as a contribution to the general fund of legal learning; but if the court had given very poor reasons for their conclusions, the effect of the adjudication would have been the same.

In view of these conclusions, it is unnecessary to consider the effect of the former suit as an election of remedies.

[1] S. C. 4 FED. REP. 386.