[No. 994.  March 3, 1904.]

# HENRY LOCKHART et al., Appellants, v. H. C. LEEDS et al., Appellees.

## SYLLABUS.

1. Persons acquiring their rights by assignment from parties subsequent to the institution of suit are equally bound by the estoppel of the judgment with the parties.

2. Where a bill was brought to have a mine location declared void on the ground of fraud and collusion of defendants, and violation of an agreement to locate a mining claim for plaintiffs, a judgment rendered against plaintiffs on the bill was a bar to a subsequent suit by plaintiffs or their privies against the same defendants to have the property declared to be held in trust for plaintiffs by defendants; such suit being based on the same agreement and containing the same averments of fraud and collusion, and requiring the same proof to support it.

3. A mistaken view of legal rights which leads a party to pray for improper relief does not affect the bar of the judgment estopping the party to again litigate the same facts.

4. One who stands on his complaint, refusing to plead over after a demurrer has been sustained, is as fully concluded by the judgment rendered as if the facts had been established by proof.

5. A provision in a judgment affirming, on appeal, a judgment for defendants in ejectment, that the judgment should be without prejudice to other remedies that plaintiffs might have, did not affect the conclusiveness, as an estoppel, of a judgment against plaintiffs in an equity suit brought at the same time as the ejectment, but decided before the determination of the appeal therein, for relief against defendants in the ejectment on the ground of fraud.

6. Where the fact of the bringing and disposition of a former suit is fully set forth in the complaint, the issue of res judicata can be raised by demurrer.

Appeal from the district court of Bernalillo county, before BENJAMIN S. BAKER, Associate Justice. Affirmed.

Lockhart v. Leeds.

H. B.Ferguson for appellants.

Parties defendant charged with fraud cannot disclaim, but must answer the charges, the plaintiff being entitled to such answer under oath.

1 Daniels Chancery Pl. & Pr., 788.

This suit is brought in time under allegations of fraud against defendants.

Compiled Laws N. M. 1897, sec. 2925.

The doctrine of *res adjudicata* does not apply in this case.

9 Ency. Pl. & Pr., 611, 622; Black on Judgments, sec's. 610, et seq.

William B. Childers for appellees.

The disclaimer fully sets forth the disposition of the interests of the defendants disclaiming, and the complainants are thus apprised of what became of such interests, and in any event were only entitled to an answer setting forth this fact, so that the proper party could be made defendant.

1 Daniel's Chan. Pl. & Pr., sec. 706 and 707.

The right, title and interest of the disclaiming defendants having become vested in a corporation, and no relief being sought against them personally, they are not proper parties.

6 Thomp. Corp., sec. 7575 and 7577.

This action is barred, not having been brought within four years.

Sec's 2916 and 2918, Comp. Laws N. M. (1897); Patterson v. Hewitt, 66 Pac. 552; s. c., 11 N. M. 1.

Section 2925 of the Compiled Laws of 1897 cannot be made to apply to this suit as appellant already has an equity suit in the Supreme Court of the United States, which is a complete bar to this suit.

Atcherly v. Dickinson, 34 Ohio St. 537.

It is an elementary principle that courts of equity relieve against accidents and mistakes, but not against mistakes of law.

> 2 Pom. Eq. Jur., sec. 842, and authorities there cited; 1 Story Eq. Jur., sec. 110.

Having in his former litigation asserted the invalidity of the Washington location, appellant cannot now be heard to assert its validity.

> Horn v. Indianapolis National Bank, 125 Ind. 381, 9 L. R. A. 676; Railway Company v. McCarthy, 96 U. S. p. 267; Davis v. Wakelee, 156 U. S. 690-691; Michels v. Olmstead, 157 U. S. 198; Gold v. Banks, 8 Wend. (N. Y.) 562; Holbrook v. White, 24 Wend. 169; Everitt v. Saltus, 15 Wend. 474; Wright v. Reed, 3 Durnf. & E. 554; Duffy v. O'Donocan, 46 N. Y. 223; Winter v. Colt, 7 Id. 288.

As to the doctrine of *res adjudicate*:

> Lockhart v. Leeds, 63 Pac. 48; Case v. Beauregard, 101 U. S. 688; Parish v. Ferris, 2 Black 606; Territory v. Santa Fe Ry. Co., (N. M.), 62 Pac. 985; Hepburn v. Dunlap, 1 Wheat. 195; Minnesota Co. v. National Co., 3 Wall. 332; Stark v. Starr, 94 U. S. 477; Cromwell v. Sac. County, 94 U. S. 351; Oglesby v. Attrill, 20 Fed. Rep. 570.

It is no answer to the principle of *res adjudicata*, that the former cause was dismissed by the sustaining of the demurrer.

> Bouchard v. Diaz, 3 Den. 244; Perkins v. Moore, 16 Ala. 17; Robinson v. Howard, 5 Cal. 428; Aurora City v. West, 7 Wall. 99; Goodrich v. The City, 5 Wall. 573; Beloit v. Morgan, 7 Wall. 107; Gould v. Evansville R. R. Co., 91 U. S. 533; Clark v. Blair, 14 Fed. 813; Hollister v. Abbott, 31 N. H. 448, 64 Am. Dec. 342; Elliott v. Piersol, 1 Pet. 340; Mills v. Duryee, 7 Crauch 484; Oregonian Ry. Co. v. Oregon Ry.

& Nav. Co., 27 Fed. 277; 2 Black on Judgments, sec. 506.

Where deeds, records, etc., are referred to, and made a necessary part of the case transmitted to the Supreme Court, it is the duty of the appellant to see that they accompany the case.

> Reed v. Gardner, 17 Wall. 409; Shepherd v. Shepherd, 59 Tenn. (12 Heisk) 275; Perciful v. Hurd, 28 Ky. (5 J. J. Marsh) 670; Waugh v. Andrews, 24 N. C. 75; Mo. & K. Transp. Co. v. Palmer, 19 Kas. 471; Keen v. Whittaker, 13 Pet. 459; State Ins. Co. v. Reynolds, 35 Mich. 304; Burns v. Burgett, 19 Kas. 162; Traders' Dep. Bk. v. Megmar, 13 Ky. Law Rep. 95; Martin v. Splivals, 21 Pac. 547.

## STATEMENT OF THE CASE.

In the years 1894 and 1895 respectively, the plaintiff, Henry Lockhart, instituted two suits involving the validity of the location of the Washington mine. One was a suit in ejectment by which the plaintiff sought to obtain the possession of the ground embraced in the Washington mine location, the plaintiff's claim being based upon a mining location called the Sampson. This was decided in favor of the defendants in the court below, that judgment was affirmed in this court, and upon appeal to the Supreme Court of the United States, was affirmed by that court, but the following reservation clause was inserted:

"Although the plaintiff has no right to maintain this action yet he ought not to be embarrassed by a judgment here from pursuing any other remedy against the defendants or either of them, that he may be advised; and in order to avoid any complications of that nature which probably might result from an absolute affirmance of the judgment of the Supreme Court of the Territory, we modify the terms of that judgment by provid-

ing that it is entered without prejudice to the enforcement by other remedies, or the rights, if any, which the plaintiff may have against the parties defendant, or either of them, and as so modified, such judgment is affirmed."

A bill in equity had also been filed but was held in abeyance pending the final result in the ejectment suit. The prayer of the bill was, substantially, that the Washington mine location should be declared null and void as a fraud upon the rights of the plaintiff in that, and appellant in the present suit. Demurrers were filed to that bill and, being sustained, the bill was three times amended. The bill was finally amended, was demurred to, the demurrer was sustained, and, the plaintiff electing to stand by his complaint, judgment was entered for the defendant dismissing the bill. The plaintiff appealed to this court where the judgment of the lower court was affirmed. The record discloses that the action now before us, was commenced October 15, 1901, by the filing of a complaint in equity, in which all of the facts alleged, and fraud relied upon, were set up in the former chancery suit. In fact the bill of complaint in that suit, No. 3888, is made a part of the present bill, the only new matter being allegations that the plaintiffs did not know what their legal rights were until the Supreme Court of the United States rendered its decision declaring them, and such as relate to the bringing and disposition of the two former suits.

A demurrer was filed to the original bill of complaint, which being confessed, was sustained, and leave was given the plaintiffs to amend. An amended complaint was filed January 25, 1902. The defendants demurred to the new matter contained in the amended complaint and also filed an answer by way of disclaimer, on behalf of the defendants, H. C. Leeds, Frank E. Sturges, Frederico J. Otero, John A. Johnson, Julia Johnson, Luis Baer, William B. Childers, Edward W.

Dobson, George Lehman and Edward L. Medler, upon the ground that they had "no interest in the property, that they had conveyed all the right, title and interest which they had therein, to other persons, and that all the right, title and interest which they had in said property is now vested in the Washington Gold and Silver Mining Company, a corporation." A motion was made by the plaintiff to strike from the files the disclaimer of the above-named defendants. The court below overruled the motion, sustained the demurrer of the defendants, and, the plaintiffs electing to stand by their complaint, judgment was rendered for the defendants dismissing the complaint and cause.

The case is in this court on an appeal from that judgment.

### OPINION OF THE COURT.

McFIE, J.—The question presented by the record in this case, upon the errors assigned, is whether or not the court below erred in giving judgment in favor of the defendants, upon sustaining the demurrers filed to the complaint and amended complaint, and overruling the motion to strike from the files the disclaimer of certain of the defendants. It is insisted on behalf of the plaintiffs, that the court erred in sustaining the demurrers filed by the defendants to the original and amended bills of complaint. The original and amended complaints are not essentially different, the amendments being of a rather unimportant nature. The scope of each, and the relief prayed for is the same. The grounds of demurrer are quite numerous, but under our view of the case, it is not necessary to refer to all of them specifically for the reason that one or two of them are fatal to the plaintiffs case.

"The tenth ground of demurrer is as follows: "Because it appears that all the matters set up in this case

could have been alleged and all the relief prayed for herein could have been prayed for in said cause No. 3888, and cannot now be made the subject of another suit against the defendants."

This point of the demurrer distinctly raises the defense of *res judicata.* The leading case, as to this defense, is that of Cromwell v. County of Sac, 94 U. S. 351. In that case it is said: "In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment if rendered upon the merits constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied

to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever.

But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action, to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.

In the case of Outram v. Morewood, 3 East 346, in commenting upon a decision cited in that case, Lord Ellinborough says: "It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery itself in an action of trespass is only a bar to the future recovery of damages for the same injury; but the estoppel precludes parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them."

In the case of Territory v. Santa Fe Pacific Railroad Company, 10 N. M., 410, this court declared the same doctrines. The syllabus of the case prepared by the court is as follows:

"Where a second action is presented upon the same claim and demand by the same parties, or their privies, the judgment is a finality as to the claim and demand in controversy concluding parties and privies, not only as

to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might have been offered for that purpose."

Near the close of the opinion in that case, the court quotes approvingly from the case of Patteson v. Wold, 33 Fed. 791, to the following effect:

"All the grounds of recovery, all the basis of plaintiff's title, must be presented in the first action or they are lost to him forever, exactly the same as when a party sued upon a note, and, having several defences, pleads only one, the balance are as though they never existed. The party who has his day in court must make his entire showing."

In Case v. Beauregard, 101 U. S. 688, the court said:

"Thus it appears the bill exhibited all that was necessary to give to the court, sitting as a court of equity, complete jurisdiction over the subject of the controversy between the parties, and over all the equities now asserted by the complainant in his present suit. It must therefore be held that the decree dismissing the bill determined the equities of the case. And this must be so, whether the reasons for the dismissal were sound or not. That decree was affirmed in this court, and affirmed on the merits. We regarded the case and treated it as requiring an adjudication upon complainant's equity to be paid out of the property in the hands of the railroad company. Nothing that can now be done in another suit can take away the legal effect of the decree. Even were we of opinion that the case was erroneously decided, it would still be *res judicata*, a bar to the camplaint, and protection to the defendants."

Case v. Beauregard, 101 U. S. 688; Parish v. Ferris, 2 Black 606; Hepburn v. Dunlop, 1 Wheat 195; Minnesota Co. v. National Co., 3 Wall. 332; Stark v. Starr, 94 U. S. 477.

It is not necessary that the parties shall be the same,

privies are as firmly bound by the estoppel as the parties. Austin, one of the plaintiffs in this case, was not a party to the original litigation but it is clear that he is an assignee of the plaintiff Lockhart, as the bill alleges that he rendered financial assistance necessary to prosecute the litigation to the end.   This is shown also by the fact that no relief is prayed, except for the plaintiff, Lockhart.   The complaint also alleges as to the defendants, not parties to the original suit No. 3888, that they acquired their interests since the institution of that suit. They are therefore, in privity with the defendants in No. 3888, and bound by the decree rendered therein.   2 Black on Judgments, sec. 506.

The facts alleged in the complaint and amended complaint in this case, and upon which relief is sought are substantially the same as in the former action No. 3888.   The same contract or agreement, and the acts and guilty knowledge of the defendants, alleged as constituting fraud and collusion relied upon as a basis for a recovery by the plaintiff in the former case, are set up and relied upon for relief in the present case.   In the former case, the plaintiff Lockhart sought to have the location of the Washington Mine declared null and void, because of an agreement in writing with one Pilkey, wherein Pilkey was to prospect and locate a mining claim or claims for Lockhart and Johnson; that said Pilkey located the Sampson mining claim under the said agreement, but afterwards conspired and confederated with some of the defendants and others, to cease work, and allow the Washington mine location to be made of the same ground, and it was further alleged that the defendants had guilty knowledge and were in collusion with Pilkey to defraud the plaintiff.

In the present suit, the same agreement and the same facts and circumstances are alleged as fraud and collusion warranting the court in declaring the entire property held in trust for the benefit of the plaintiff

Lockhart, and the court is called upon to order the defendants to convey the same to him.   It is therefore very clear, that the same proof which would warrant the court in granting the relief sought in the former case, would be necessary to the granting of the relief sought in this case.   Under the authorities this seems to be the test and the doctrine is stated concisely by Justice Brewer in the case of Mullen et al. v. Mullock, 22 Kans. 598:

"It may be laid down as a general proposition, that where a substantial fact or facts upon which the plaintiff's right to relief is based, are identical in the two actions, and the relief obtainable in the first includes all the relief sought in the second action, the first will abate the second, although the actions differ in matters of form and in the relations of the defendants to the infringement of the plaintiff's rights." Stone v. United States, 64 Fed. 667; Stone v. United States, 167 U. S. 178.

In the cause No. 3888, the alleged fraudulent acts of Pilkey and that of the defendants in that suit, were under investigation as to the land embraced in the Washington mine location, and by the decree of the court below, affirmed in this court in the case of Lockhart v. Wills et al., 54 Pac. 336, the relief prayed for by the plaintiff was denied and the location of the Washington Mine was sustained in the defendants.   In this action the plaintiff Lockhart asks the court to compel the defendants to convey to him the property which this court has held to belong to the defendants under a valid location, because of the alleged frauds which were fully considered in the former case.   The plaintiff has his day in court in an action in equity, where full relief could have been prayed for and granted, and if by reason of a mistaken view of the law, he failed to pray for the proper relief, he is bound by the judgment and is estopped from maintaining a second suit for the Washington mine.

"The doctrine is settled that, in general, a mistake

Lockhart v. Leeds.

of law pure and simple is not adequate ground for relief. Where a party with knowledge of all the material facts, and without any other special circumstances giving rise to an equity in his behalf, enters into a transaction affecting his interests, rights and liabilities, under an ignorance or error with respect to the rules of law controlling the case, courts will not in general relieve him from the consequences of his mistake." The reasons are obvious.  2 Pom. Eq. Jur., sec. 842; 1 Story Eq. Jur., sec. 110.

It is immaterial that the cases were disposed of on demurrer. By the plaintiffs standing upon their complaints and declining to plead further after demurrers were sustained, the case was therefore heard upon its merits the same as if the facts had been established by proof.

In the case of Oglesby v. Attril, 20 Fed. 570, the court said:

"It is settled law, that it makes no difference in principle whether the facts upon which the court proceeded were proved by competent evidence or whether they were admitted by the parties; and that the admission, even if by way of demurrer to a pleading in which the facts are alleged, is just as available to the opposite party as if the admission was made *ore tenus,* before a jury."

Bouchard v. Dias, 3 Dn. 244; Perkins v. Moore, 16 Ala, 17; Robinson v. Howard, 5 Cal. 428; Aurora City v. West, 7 Wall. 99; Goodrich v. The City, 5 Wall. 573; Beloit v. Morgan, 7 Wall. 107; Gould v. Railroad, 91 U. S. 533.

But counsel for plaintiffs contend that by virtue of the provision in the judgment of the Supreme Court of the United States in the ejectment suit, that it should not be a bar to another suit, this suit may be maintained.

In our opinion that conclusion is not correct under the circumstances of this case. It must be borne in

mind, that the provision above referred to was inserted in the decision of the ejectment suit.    -

The question of fraud could not arise or be considered. From the fact of the insertion of this provision, it is reasonable to conclude that it was brought to the attention of the court, that the effect of an affirmance of a judgment of the Supreme Court of New Mexico in the ejectment suit might be a bar to a suit in equity in which an issue of fraud could be raised, and, therefore, the court inserted this provision that the plaintiffs would not be barred of their right to their day in a court of equity, by bill alleging fraud and collusion. There is nothing in the record to show that the court was aware that a suit in equity had been instituted, or been determined against the plaintiff, indicating an intention of that court to grant the plaintiffs a second suit in equity based upon the same allegations of fraud. The plaintiffs had their day in a court of equity, in which they sought relief on the ground of fraud, and if they pressed their suit to judgment prematurely, or failed to ask for the proper relief under a mistaken view of the law it is of no consequence now, the former judgment is a bar to the present action. The fact of the bringing and disposition of the former suit in equity, No. 3888, is fully set forth in the original and amended complaint in in this suit, and therefore this issue could properly be raised by the demurrer. There was no error in the action of the court below in sustaining the demurrers. There are other grounds of demurrer which we deem equally fatal to a recovery by the plaintiff, but the views above expressed are decisive of this case, and the judgment of the court below will be affirmed and the case dismissed with costs.

Mills, C. J., and Parker, A. J., concur.

Pope, A. J., not having heard the arguments in this case, took no part in this decision, likewise Baker, A. J., who tried the case in the lower Court.