(Feb. 21, 1922. No. 2554.)

## BOWERS v. BRAZELL.

### SYLLABUS BY THE COURT

(1) Where the main object in a suit or action is for the purpose of setting aside a judgment or decree, such an attack is a direct, and not a collateral, attack.          P. 686

(2) A default decree in a suit to quiet title, in which the plaintiff's right and title were based upon a tax deed, invalid because the taxes for which it was issued had been paid, cannot, in the absence of fraud, be set aside by a subsequent suit for that purpose. This doctrine of res adjudicata applies.          P. 687

Appeal from District Court, Union County; Leib, Judge.

Suit by Vada Bowers against James Brazell to quiet title. Judgment for plaintiff and the defendant appeals. Reversed, with instructions to sustain the demurrer to the complaint.

O. P. Easterwood, of Clayton, for appellant.

D. A. Paddock, of Clayton, for appellee.

### OPINION OF THE COURT

RAYNOLDS, C. J. This is an appeal from a judgment setting aside a former decree in appellant's favor in a suit to quiet title. Upon overruling of appellant's demurrer to the complaint and his refusal to plead further, judgment was entered for

the appellee, granting the prayer of the complaint and setting aside the former decree.

On the 4th of March, 1913, the county treasurer of Union county attempted to sell certain land for taxes alleged to be due thereon for the year 1909, issued a certificate to one Bernard O. Gow, and thereafter issued to him a tax deed for the land covered by the tax certificate. On November 19, 1916, Gow conveyed the land to James Brazell, the appellant. On January 2, 1919, Brazell brought an action against the plaintiff to quiet title to the land in question, this case being No. 4157. Service upon the defendant was made by publication of the decree obtained March 3, 1919. On June 21, 1920, the present suit, No. 4754, was begun by the appellee, alleging, among other things, that the taxes on the land in question had been fully paid by her predecessor in title, and asking that the purported tax sale certificate and deed given to Gow by the treasurer be canceled and held for naught; that the former decree be declared void and of no effect. To this complaint the defendant below, appellant here demurred, on the ground that all the issues of the present suit had been determined by the prior suit; that the plaintiff was barred and estopped; that the proceeding was a collateral proceeding attempting to set aside a decree rendered in cause No. 4157, in which all the issues had been fully adjudicated, and that it was not a proper proceeding to set aside and attack the decree rendered in said cause No. 4157 on the 7th of March, 1919, more than 12 months preceding the filing of the complaint in this action. This demurrer was overruled by the court, and, appellant electing to stand upon the demurrer, judgment was entered for the appellee, and this appeal taken.

[1] Appellant assigns as error the action of the court in overruling the demurrer and rendering judgment in favor of the appellee for the reasons set

out in his demurrer to the complaint. He contends, first, that this suit is a collateral attack upon a judgment heretofore rendered by the district court, and as such cannot be maintained. In our opinion there is no merit in this contention. The attack as made in this case is a direct attack upon the judgment.

"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of the same in a proceeding instituted for that purpose." 15 R. C. L., par. 312, "Judgments."

See, also, Black on Judgments, vol. 1, par. 252.

[2] It is conceded by appellee that he did not proceed under Code 1915, §§ 4227, 4230, which pertain to setting aside default and irregular judgments upon motion.

Appellee contends that there was fraud in the procurement of the judgment, and it is admitted by the appellant that if there was fraud in the procurement of such judgment it could be set aside, but he contends that there is no fraud alleged nor proved. Appellee alleges that the tax deed delivered to Gow was wrongfully and illegally issued; that the pretended deed was null and void and wrongfully and illegally issued. These allegations do not amount to allegations of fraud. If the taxes had been paid, the tax deed undoubtedly was wrongfully and illegally issued. Appellee argues in his brief that the judgment was obtained by suppressing the notice of said cause and by the suppression of evidence, but the assertions are not borne out by the record. The complaint alleges that the appellee was a nonresident of New Mexico, and received no information, and was never served with notice of the suit. It further alleged that if there was any notice given it was by publication in a weekly newspaper, to which appellee was not a subscriber and never saw. Such allegations, without others to the effect that

the action of the plaintiff in cause No. 4157, that is, the suit to quiet title, amount to fraud, are insufficient to sustain plaintiff's assertion in his brief and argument that the decree was fraudulently obtained, or that there was fraud in the procurement of it. No allegation is made in the complaint that appellant had knowledge of appellee's residence, nor suppressed the notice of the case and prevented such notice from reaching the appellee. It is also alleged that appellee had a full and complete defense against the suit if she had notice, but it is nowhere contended or alleged that by any activities of the plaintiff the appellee was prevented from interposing her defense. Fraud will not be presumed, but must be alleged. There are no allegations of facts in the complaint which can be construed to amount to fraud.

Appellee further contends that the judgment in No. 4157 was absolutely void, being founded upon a tax deed for property on which the taxes had been paid. In our opinion this defense is not available to the appellee in this case. It is not an attack under Laws 1899, c. 22, § 25, upon the title to property based upon a tax sale which is invalid because the taxes have been paid, but it is an attempt to set aside a judgment quieting title founded upon a tax deed, where it is admitted under the pleadings that the taxes have been paid. In this respect it is like any other attack on a judgment, and governed by the same rules. The right to attack the title to property sold at a tax sale under Laws 1899, c. 22, § 25, on the ground that the taxes have been paid, was available to the appellee in the suit to quiet title, which suit was based upon the tax deed. Such defense was not interposed in that case. It is now sought to use that ground of defense as a basis in this action to set aside a judgment rendered in the former suit. The fact that the tax deed was invalid and could have been no basis for a decree to quiet title if properly attacked in the former case

does not make the proceeding based upon it a nullity any more than it would make a judgment on a promisory note which had been paid a nullity, when the defense of payment was not raised during the case. As is said in Lockhart v. Leeds, 12 N. M. 156, at page 162, 76 Pac. 312, at page 314:

"It (the judgment) is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissable matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever."

See, also, First National Bank v. Tome, 23 N. M. 255, at page 268, 167 Pac. 733; City of Socorro v. Cook, 24 N. M. 202, at page 209, 173 Pac. 682.

For the reasons above stated, the action of the lower court, overruling the appellant's demurrer and rendering judgment for appellee, was erroneous, and the cause is reversed, with instructions to sustain the demurrer; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate.