THE PURE OIL COMPANY, a corporation of the State of Ohio,

*vs.*

THE FRANKLIN REAL ESTATE COMPANY, a corporation of the State of Pennsylvania.

*New Castle, Oct.* 15, 1926.

*James I. Boyce*, for complainant.

*Andrew C. Gray*, of the firm of Ward, Gray & Ward, for defendant.

THE CHANCELLOR. The execution of the deed referred to in the statement of facts by the Pure Oil Steamship Company is in itself sufficient to constitute an effective transfer of the title without reference to any supporting aid supplied by the execution of the deed by the directors and trustees in dissolution of said company, and by the sole stockholder thereof. This is for the reason that on February 28, 1918, when the deed was executed, the corporation was still in existence and had not at that time been dissolved.

The appropriate provision of the statute governing this matter is found in *Section* 1953 of the *Revised Code of* 1915, as amended by *Section* 15, *Chapter* 113, *Volume* 29, *Laws of Delaware*, which provides *inter alia*, as follows:

"The secretary of state shall ascertain the charge for publishing the certificate of dissolution as aforesaid, and collect the amount from the corporation before the certificate of dissolution is issued; and upon the filing in the office of the secretary of state of an affidavit of the manager or publisher of the said newspaper that said certificate has been published one time, in said newspaper, the corporation shall be dissolved."

Under the express provision of the statutory language just quoted, the corporation is not dissolved until an affidavit that the certificate of dissolution has been published has been filed with the secretary of state. While in this case the stockholders' consent had been filed in the office of the secretary of state on February 27, 1918, and publication made the following day, which was the day the deed was executed, yet the affidavit which the statute requires must be filed before the dissolution is accomplished, was not filed until March 4, thereafter. The corporation was, therefore, not dissolved until the last-mentioned date. That being so, the deed was the proper corporate deed of the Pure Oil Steamship Company on February 28, 1918, when the same was executed.

A decree will be entered granting the relief prayed for.