# Smith et al. v. Smith.

(Decided October 22, 1929.)

A. W. BAKER for appellants.

J. R. LLEWELLYN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Alfred Smith instituted an action against the administrator of his father's estate and the heirs to recover a debt and to subject thereto certain real estate left by the decedent. The claim originated in this way: Alfred Smith and his father, Isam Smith, jointly owned a tract of land, a part of which, by an executory contract, they sold to the Warfork Land Company for $530. The vendee removed the timber from the land, but refused to accept a deed tendered by the vendors, or to pay the purchase price for the property. The vendors then instituted an action in the Jackson circuit court for the specific performance of the contract. The Warfork Land Company accepted the proffered deed, but set up a counterclaim against Isam Smith for a debt due solely from him and which was large enough to extinguish the entire consideration for the land, including the one-half

thereof due Alfred Smith. The counterclaim alleged facts showing that Alfred Smith was estopped as against the Warfork Land Company from claiming his one-half of the consideration so as to preclude it from retaining the entire sum for the debt of Isam Smith. The court sustained the claim of the Warford Land Company, and thus the money due Alfred Smith for his land was appropriated to the payment of his father's debt. It was the money thus taken from him for his father's benefit that' Alfred Smith sought to recover in this case. The defenses urged are that the claim is barred (1) by the judgment in the previous litigation between Alfred Smith and his father on one side, and the Warfork Land Company on the other, and (2) by the five-year statute of limitations. The circuit court decided in favor of Alfred Smith, and the administrator and the heirs appeal.

The judgment in the case of Isam Smith and Alfred Smith against the Warfork Land Company contained this provision: ''The court is further of opinion that in as much as plaintiff Alfred Smith participated in the execution of the title bond by being present and signing the instrument as a witness to it without asserting any ownership or title thereto he is estopped from asserting any claim in derogation of that instrument.''

Appellants rely upon that judgment as an estoppel against Alfred Smith asserting his claim against his father's estate. It was not a determination of any rights or liabilities of Alfred Smith as against his father. They were not adversary parties in that case. No issue was made between them and none' would have been appropriate in that action. The litigation concerned the rights of the Warfork Land Company as against both Alfred Smith and his father, and their rights as against it; but nothing respecting the relative rights of Alfred Smith and his father were involved in the proceeding. The court decided nothing affecting the issue as to whether Alfred Smith has a valid claim against his father's estate. Indeed, the judgment itself gave rise to the plaintiff's cause of action when it appropriated his money to the payment of his father's debt. The doctrine of estoppel by judgment has no application under the facts here appearing. Whilst Alfred Smith and Isam Smith were parties to the action, they were not in adversary relation to each other, but had joined hands against a common opponent. The doctrine of res judicata cannot

apply because the thing determined in the present action was not involved or decided in the previous action and could not have been involved or decided in that action. 34 C. J. p. 915, sec. 1325; 23 Cyc. 1237; Liverpool & London & Globe Ins. Co. v. Wright, 166 Ky. 159, 179 S. W. 49; Pioneer Coal Co. v. Asher, 226 Ky. 488, 11 S. W. (2d) 116.

2. The five-year statute of limitation (Ky. Stats., sec. 2515) is invoked upon the theory that the cause of action alleged by Alfred Smith against his father's estate was one arising upon a contract not in writing, but implied in law, and that the cause of action accrued when the deed was executed on October 2, 1918. The present action was not filed until January 13, 1928. The cause of action, however, did not accrue when the deed was executed. It accrued on January 12, 1925, when the judgment was rendered applying the money of Alfred Smith to the debt of Isam Smith. It is perfectly plain that no cause of action accrued to Alfred Smith against his father until his money was taken and applied in payment of his father's debt. He could not have sued his father prior to that time. Until the rendition of the judgment on January 12, 1925, Alfred Smith's right of action was against the Warfork Land Company and he was asserting it in court. When the judgment was rendered, however, it extinguished Alfred Smith's claim against the Warfork Land Company by applying his money in payment of his father's debt. It was the judgment of the court that gave rise to his cause of action against his father. Manifestly, he could not have sued his father before that time, because he had no claim against his father until his money had been applied to his father's debt. A cause of action accrues when the right to institute and maintain a suit exists, and until Alfred Smith's money was applied to the debt of Isam Smith he had no right of action and the statute of limitations did not start to run. 25 Cyc. 1066; Henderson v. Fielder, 185 Ky. 482, 215 S. W. 187; City of Covington v. Patterson, 191 Ky. 370, 230 S. W. 542; Amy v. Dubuque, 98 U. S. 470, 25 L. Ed. 228.

There must be a present right or demand upon which a remedy is available before it can be said that a cause of action has accrued or the statute of limitations commenced to run. The execution of the deed did not create a cause of action in favor of Alfred Smith against Isam Smith. Plainly the action was not barred by limitation.

It follows that the circuit court was correct in finding for the plaintiff.

The judgment is affirmed.