395 P.2d 907

Rosenda S. SAIZ, Plaintiff-Appellee,

v.

Oscar SAIZ, Tomacita Saiz, Piedad Sandoval, Margaret S. Baca, Deluvina S. Montoya, Louise Lancaster, Edna S. Baca, Charlotte Ortiz, Emiliano Saiz, Jr., and Albeta Chavez, Defendants-Appellants.

No. 7485.

Supreme Court of New Mexico.

Oct. 19, 1964.

**558**

---

Lorenzo Chavez, Melvin L. Robins, Warren F. Reynolds, Albuquerque, for appellants.

Edward E. Colby, A. H. McRae, Albuquerque, for appellee.

MOISE, Justice.

When a husband and wife join as plaintiffs in bringing a suit to quiet title on property standing in the name of the wife alone, and title to the property is quieted in the two of them, does the husband thereby acquire any estate in the property?

■ Title to the property in question was conveyed to plaintiff by her husband. Although plaintiff did not reconvey any interest to the husband, title was thereafter quieted in their two names. The husband having died intestate, his children claim an interest in the property under the laws of descent and distribution. They contend that the husband had an interest in the property under Kaye v. Cooper Grocery Company, 63 N.M. 36, 312 P.2d 798, where a judgment in a suit to quiet title was held to be "self-operating, that is, by the judgment itself the interest is established." The trial court ruled in favor of the wife,

holding that the property having been conveyed to her by deed, and she having conveyed no part of it back to her husband or to anyone else, she was vested with fee simple title and the children had no interest therein.

We agree with the trial court. The language in Kaye v. Cooper Grocery Company, supra, relied upon by defendants, was addressed to a situation where plaintiff and defendant in an adversary proceeding had asserted conflicting interests in mineral rights severed from the fee simple estate.

The facts of this case differ in two material respects; (1) there has been no severance of any of the incidents of a fee simple title, and (2) no adverse claims have been litigated between husband and wife.

The rule announced in Kaye v. Cooper Grocery Company, supra, operates only in situations where adverse claims are adjudicated. It cannot apply where, as in this case, there has been no determination of ownership between co-plaintiffs in a quiet title action.

The rule here applicable is stated in Restatement of Law of Judgments, § 82:

"The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves."

Under comment c, illustration 4 reads as follows:

> "A and B bring a bill in equity against C and obtain a judgment that B is entitled to a fund claimed by C. In a subsequent proceeding by A against B to obtain a portion of the fund, A is entitled to show that he has an interest in the fund."

The facts in this illustration are identical with those which we are considering except that, in the restatement example, judgment was entered for one of the plaintiffs, while here it was entered in favor of both. However, as between the two plaintiffs, there has been no determination of the rights of the parties. The difference in the situations noted is immaterial and does not require a different result. The decisions of this court in Bowers v. Brazell, 27 N.M. 685, 205 P. 715; Caudill v. Caudill, 39 N.M. 248, 44 P.2d 724; Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237, cited by defendants, do not support their position.

Unless an owner, joined as a plaintiff, is shown to have personally participated in the proceedings in such manner as to be estopped or foreclosed by the rules of res judicata or some other legal obstacle, we see no impediment to his challenging the right of a co-plaintiff. See Jackson v. Gallegos, 38 N.M. 211, 30 P.2d 719. Instructive on the problem are the cases of Metzger v. Ellis, 65 N.M. 347, 337 P.2d 609, and Box v. Rundell (C.A. 10, 1950) 179 F.2d 626. See also, Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1; Remus v. Schwass, 406 Ill. 63, 92 N.E.2d 127; Jones v. Koepke, 387 Ill. 97, 55 N.E.2d 154; D. B. Frampton & Co. v. Saulsberry (Ky.), 268 S.W.2d 25; Smith v. Smith, 231 Ky. 229, 21 S.W.2d 246.

The conclusion reached by the trial court was correct and is affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.