(No. 18627.—

THE VILLAGE OF DOLTON, Appellee, *vs.* THE S. ELLEN DOLTON ESTATE *et al.* Appellants.

*Opinion filed June 23, 1928.*

DANIEL S. WENTWORTH, and HENRY O. NICKEL, for appellants.

JOSEPH P. SAVAGE, HENRY L. WELLS, and CHARLES G. HENDRICKS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from an order of the county court of Cook county denying a motion to vacate a judgment of confirmation entered in a special assessment proceeding under the Local Improvement act, instituted to improve, by paving, a section of Forest avenue, in the village of Dolton.

The first question to be considered arises out of a motion to dismiss the appeal, which was taken with the case. The

appeal bond was executed by the "S. Ellen Dolton Estate, by Catherine S. Dolton, Emma L. Dolton, Carl H. Thomsen, trustees under will," and eight individual objectors. The motion to dismiss the appeal is based on a claim of misjoinder and non-joinder of parties. The judgment order recited a prayer for an appeal by certain objectors, and it was granted in the following language: "Prayer for appeal is hereby allowed upon said objectors, jointly, severally, or any of them, filing herein, within thirty (30) days from this date, appeal bond in the penal sum of three hundred ($300) dollars, with surety thereon to be approved by the court." Ten lots along the line of the proposed improvement were assessed in the name of the "estate of S. Ellen Dolton," and objections were filed with reference to the assessment against them by Carl H. Thomsen, one of the administrators of the estate of S. Ellen Dolton, deceased. A reduction was made in the amount assessed against these lots by agreement of counsel, and the objections were overruled and the judgment of confirmation entered. There was a substitution of counsel and a motion to vacate the judgment of confirmation. This motion was overruled and the appeal was prayed and granted as stated.

It is urged that the trustees under the will of S. Ellen Dolton were not parties to the proceeding and made no prayer for an appeal. The Local Improvement act requires that the several parcels of land affected shall be assessed in the name of the persons who paid the general taxes for the preceding year and that notice shall be given such persons. They may not be the owners of the property, so section 46 of the act provides that any person interested in any tract affected by the special assessment may file objections. The will of S. Ellen Dolton does not appear in the record, nor is there any evidence showing that the three persons who purport to be trustees under her will are such trustees or that they have any interest in the premises, in the lots assessed. There is no allegation in the assignments

of error to the effect that these persons are trustees holding title to these lands or that they are otherwise interested. One cannot assign error on a record in a special assessment proceeding in the absence of evidence in the record or an allegation in the assignment of errors showing that he has an interest in the lands affected or that he was a party to or injured by the judgment of confirmation. (*Gibler* v. *City of Mattoon,* 167 Ill. 18; *People* v. *Harrigan,* 294 id. 171.) The appeal by the three persons purporting to act as trustees of the S. Ellen Dolton estate must be dismissed, but the fact that these improper parties joined in the prayer for appeal and in the appeal bond does not require a dismissal of the appeal as to the proper parties. (*Willenborg* v. *Murphy,* 40 Ill. 46.) Prior to the filing of the appeal bond now before us a bond was filed by Carl H. Thomsen individually. As we have stated, there is nothing to show his interest in the lands involved, and so his attempt to prosecute an appeal was a nullity and has no effect upon this appeal.

It is further contended that the appeal should be dismissed because the objectors who prayed the appeal are not named in the judgment order, and therefore it cannot be determined whether those filing the appeal bond are those who prayed and were granted the appeal. The judgment of confirmation entered August 5, 1927, shows that the only property under consideration was that represented by Brannan, Markman & Maloney, attorneys, and it contains a list of the tracts involved and the amount of the assessment against each tract as reduced. Subsequently these attorneys withdrew and Daniel S. Wentworth entered his appearance for the same property owners and moved on their behalf for the vacation of the judgment. When this motion was denied the appeal was prayed on behalf of these same property owners and some of these same persons filed the appeal bond. While the names of the parties praying the appeal are not set out in the order, there is sufficient evidence in

the record to identify them, and that is all that is necessary. *Id certum est quod certum reddi potest.* This appeal was prayed in accordance with established practice in such cases and no harm has resulted or can result to anyone. The record shows that those signing the appeal bond were objectors, and the appeal should not be dismissed because of the informality of the order.

Appellee also contends that the appeal was not perfected in accordance with the statute and the order allowing the appeal because all the objectors who were granted an appeal did not join in the appeal bond. It is insisted that a number less than the whole cannot jointly perfect an appeal. The statute provides: "Appeals from final judgments or orders of any court made in the proceedings provided for by this act, may be taken to the Supreme Court of this State, in the manner provided by law, by any of the owners or parties interested in lands taken, damaged or assessed therein, and the court may allow such an appeal to be taken jointly, and upon a joint bond, or severally, and upon several bonds, as may be specified in the order allowing the same." (Smith's Stat. 1927, sec. 95, p. 507.) This statute was considered in *City of Momence* v. *Kirby*, 315 Ill. 138, and it was there held that where the appeal allowed was "as to any objector or objectors filing herein an appeal bond, jointly or severally," two different groups of objectors could not perfect separate joint appeals. The appeal in that case was not perfected in conformity with the order of the court granting an appeal and so the appeal was dismissed. In this case the order of the court expressly authorized any of the objectors to perfect either a joint or several appeal, and this order was in harmony with the statute. Here we have a joint appeal by such of the objectors as desired to appeal, and that is what was intended by the statute. As to the eight individual objectors who signed the appeal bond and perfected the appeal the motion to dismiss the appeal is denied.

The next question for consideration is whether the court erred in refusing to vacate the judgment of confirmation entered August 5, 1927, one of the last days of the July term of the county court of Cook county. The motion to vacate was made August 13, 1927, which was the fifth day of the August term of said court, by Daniel S. Wentworth, who entered his appearance as attorney for appellants in lieu of the attorneys of record who appeared on the hearing. This motion was supported by affidavits alleging that the attorneys appearing on the hearing were employed to defeat the proceeding on the ground that the improvement was not necessary for the reason that the street had been macadamized within three years of the institution of this proceeding to pave it; that the attorneys first employed were without authority to compromise the litigation; that in violation of their instructions and duties they consented to the entry of the judgment of confirmation in consideration of a reduction in the amount of the assessments; that appellants did not know of the unauthorized compromise until after the entry of the judgment and the expiration of the term at which the judgment was entered. Evidence was introduced in support of the motion which corroborated the statements in the affidavits. There is no charge or proof that the firm of attorneys who appeared on the hearing were actuated by improper motives in compromising the litigation or that they practiced any fraud upon their clients. There is no charge or proof of fraud against appellee in the procurement of the judgment. An attorney has no implied authority to compromise or give up any right of his client or to consent to a judgment against his client, (*Wadhams* v. *Gay*, 73 Ill. 415; *Wetherbee* v. *Fitch*, 117 id. 67; *Gibson* v. *Nelson*, (Minn.) 31 L. R. A. (n. s.) 523;) but the fact that an attorney does exceed his authority or violates his duty to his client does not deprive the court of jurisdiction of the case. If an attorney acts without authority from his client the remedy of the client is against his

counsel. (*Chicago Hungarian Benevolent Society* v. *Chicago Hungarian Aid Society,* 283 Ill. 99.) It has been held repeatedly that a judgment of confirmation cannot be set aside after the term at which it was rendered, (*Noonan* v. *Thompson,* 231 Ill. 588; *McChesney* v. *City of Chicago,* 161 id. 110;) except where the court was without jurisdiction to render the judgment or where the judgment was obtained by fraud. (*City of Chicago* v. *Nodeck,* 202 Ill. 257.) To justify the setting aside of the judgment at a subsequent term a fraud must have been committed on the court by the successful party. (*People* v. *Drysch,* 311 Ill. 342.) To justify a court in vacating a judgment that has become final, the loss of a defense must in all cases have been occasioned by the fraud or act of the prevailing party or by mistake of the losing party, unmixed with any fault of himself or agent. (*Ward* v. *Durham,* 134 Ill. 195; *Galena and Southern Wisconsin Railroad Co.* v. *Ennor,* 116 id. 55.) No relief can be had where the party asks that a judgment entered at a former term be set aside on the ground that his attorney, instead of presenting his defense and thereby defeating recovery against him, compromised the case without authority and assented to the judgment which was entered, without allegation and proof of fraud on the part of his attorney, or on the part of the other party to the suit, in procuring the judgment. (*Adams* v. *First Nat. Bank,* (Tex.) 52 S. W. 642.) Cases involving a confession of judgment under a warrant of attorney are not applicable. There the attorney is primarily an attorney in fact appointed to serve the opposite party and hence held to a strict compliance with his written authority. (*Chase* v. *Dana,* 44 Ill. 262.) The court did not err in denying the prayer of appellants for the vacation of the judgment.

The appeal is dismissed as to the Dolton estate. In all other respects the judgment of the county court is affirmed.

*Appeal dismissed in part; judgment affirmed in part.*