Marie San Fillippo, Appellee, v. Louis A. San Fillippo, Appellant.

Gen. No. 44,854.

Opinion filed April 4, 1950. Released for publication April 21, 1950.

VENT & VENT, of Chicago, for appellant.

DAVID H. KRAFT and MURRAY R. HADDON, both of Chicago, for appellee; DAVID H. KRAFT, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

On July 11, 1947, Marie San Fillippo, petitioner, in suit No. 47 S 9539, obtained a decree for divorce from Louis A. San Fillippo, respondent, on grounds of extreme and repeated cruelty. The decree provided, by stipulation of the parties, that respondent shall pay to petitioner the sum of $50 per week for her support and that he shall also pay "all outstanding obligations of the parties hereto." After the entry of the decree respondent remained wholly in default in the matter of the payment of alimony, and on March 1, 1948, after due notice, petitioner filed a petition which alleged, *inter alia*, that respondent, although well able to do so, has wilfully failed to comply with the court's orders in the divorce decree, and that there was then due petitioner a total arrearage of $2,316, consisting of accumulated and unpaid alimony of $1,420, and of

unpaid "outstanding obligations" of $896, and she prayed for a rule upon respondent to show cause. On the day petitioner's petition was filed JUDGE GEORGE M. FISHER entered the following order:

"Marie San Fillippo ⎫ CHANCERY ORDER ⎧ STAMP HERE
 ⎪ SUPERIOR COURT ⎪
 vs. ⎬ of Cook County ⎬ MAR. 1–1948
Louis A. San Fillippo ⎭ No. 47 S 9539 ⎩

"On Motion of Attorney for Plaintiff for a Rule to Show Cause and the Plaintiff and Defendant agreeing to settle & dispose of the matter with reference to alimony arrearage, past, present, & future and any other claims outstanding at present time; And the Defendant offering sum of $500.00 in full of all alimony and attorneys fees, past, present, & future. And the Plaintiff is willing to accept the sum of $500.00 in full of all Alimony, past, present & future; And the Court having jurisdiction over parties and the subject matter:

"It is hereby ordered that the sum of $500.00 tendered to Plaintiff by Defendant & the acceptance of said sum by Plaintiff is in full of all claims for alimony, past, present & future herein.

"Enter GEORGE M. FISHER
 "Judge.

"Okey

"Marie San Fillippo
 "Plaintiff

"Louis San Fillippo
 "Defendant.

"March 1, 1948"

At the time this order was entered there was no application of any kind by respondent or on his behalf for any relief under Section 18 of the Divorce Act

[Ill. Rev. Stat. 1949, ch. 40, par. 19; Jones Ill. Stats. Ann. 109.186], and no application was ever filed by respondent. Petitioner concedes that at the time of the entry of the order by JUDGE FISHER she received $500 from respondent. She thereafter retained new counsel, and on April 6, 1949, she filed a verified petition which recites the divorce decree, the provisions contained therein, and avers that on March 1, 1948, respondent was in arrears in the payment of alimony in the aggregate sum of $2,316; avers the entry of the order on March 1, 1948; that she has received no payment from respondent on the alimony and support award provided in the decree excepting the $500 she received upon the entry of the order of March 1, 1948; alleges that JUDGE FISHER was without jurisdiction to enter the order of March 1, 1948, or to vary, change or alter the terms of the divorce decree except pursuant to Section 15 (Section 18) of the Divorce Act of the Statute of Illinois. Petitioner further states that the payment of $500 in full of a substantially larger accrued alimony indebtedness, as was in said order of March 1, 1948, provided, was wholly without good and valuable consideration for the discharge of the unpaid balance of said delinquent indebtedness, or of any continuing future installments of alimony under said award in said decree of July 11, 1947; that said order of March 1, 1948, "is invalid, unjust, inequitable to petitioner, and was entered without jurisdiction, and in fraudulent violation of the vested and proprietary rights of petitioner; and, further, said order of March 1, 1948 was approved by petitioner without a proper and sufficient understanding by her as to her said lawful rights in the premises, as will appear upon the hearing on this petition; and, further, that this Court, by operation of law and by the terms of said Section 15 [18] of said Divorce Act of the Statutes of Illinois, and otherwise by virtue of equity and good conscience, retains and reserves jurisdiction, on the

hearing of the petition, and in this cause, to vacate, modify and set aside said order of March 1, 1948," and petitioner prays for an order or decree "vacating, modifying or setting aside said order of March 1, 1948, so herein entered, and that in lieu of said order all of the terms in the said decree for divorce, of July 11, 1947, be duly enforced, pursuant to law and equity." Petitioner asks that said $500 paid to her by respondent, pursuant to said order of March 1, 1948, be applied on account of the entire unpaid delinquency or arrearage of said indebtedness on said alimony and support award under said decree of July 11, 1947; that a rule be entered against respondent to show cause why he should not be held in contempt of court for failure to comply with the terms of said divorce decree and with the orders thereunder heretofore entered herein, and for general relief. On April 11, 1949, upon notice duly served, JUDGE HOFFMAN entered an order that respondent be directed to show cause within ten days from April 11, 1949, why he should not be held in contempt of court for failure to comply with the terms of the divorce decree entered in the cause, and directing him to plead or answer said petition within ten days from April 11, 1949, and that hearing on said petition be set for April 25, 1949, at 10 A. M. without further notice. On April 20, 1949, the following appearance was filed:

"NOW COMES respondent, Louis A. San Fillippo, and enters his special appearance herein and the special appearance of Vent & Vent, his attorneys, limited to the filing of his Motion to Dismiss the Petition of Marie San Fillippo, now known by her maiden name, Marie Paris, filed in said cause on April 11, 1949, and the hearing thereon.

"VENT & VENT

[signed] "By Thomas G. Vent
"Attorneys for Louis A.
San Fillippo, Respondent."

357

On the same date respondent filed a verified "Motion To Dismiss Petition." The motion states:

"THIS RESPONDENT MOVES THE COURT TO DISMISS SAID PETITION for defects appearing upon the face thereof, for the following reasons:

"(1) That this Court has not jurisdiction of the person of this respondent. This Court divested itself of jurisdiction of this cause on March 1, 1948. No new suit has been filed against this respondent, and no Summons in any such cause, a prerequisite to acquiring jurisdiction of the person in any suit, has been issued or served upon this respondent at any time.

"(2) That this Court has not jurisdiction of the subject-matter of said Petition and said defects cannot be removed by a transfer of the cause to any court having jurisdiction.

"(3) That the alleged cause of action set forth in said Petition is barred by a prior agreed Order and consent judgment of this Court in the aforesaid divorce case.

"(4) That the alleged claim or demand set forth in said Petition has been released by the tender, acceptance and payment of the sum of Five Hundred Dollars ($500.00) in full of all alimony and attorney's fees, past, present and future.

"(5) That all of the matters and things set forth in said Petition as grounds for a claim or demand against this respondent were compromised and settled in full by agreement between said petitioner and this respondent, approved by this Court, by an agreed Order OK'd by said Marie San Fillippo, as plaintiff, and this respondent, as defendant, entered in said cause on March 1, 1948, in words and figures, as follows:" (Here follows the order entered by JUDGE FISHER on March 1, 1948.)

After a hearing of petitioner's petition and respondent's motion to dismiss it, JUDGE HOFFMAN entered a decree, on April 25, 1949, which overrules respondent's

motion to dismiss the petition, vacates the order entered March 1, 1948, restates in full the terms of the divorce decree of July 11, 1947, and grants petitioner full relief as prayed for in her petition. When JUDGE HOFFMAN denied respondent's motion to dismiss the petition his counsel "announced, in open Court, and advised this Court, of the election of said respondent, Louis A. San Fillippo, to abide by and stand upon said Motion To Dismiss Petition, and has declined to further plead or answer said Petition." Respondent filed a notice of appeal in which he prays that the order entered by JUDGE HOFFMAN on April 25, 1949, be reversed in its entirety, that the cause be remanded with directions to the trial court to vacate the said order, and that respondent's motion to dismiss the petition of petitioner be allowed and said petition ordered dismissed with costs.

Petitioner contended in the trial court and contends here that the order entered by JUDGE FISHER on March 1, 1948, was void because JUDGE FISHER lacked jurisdiction of the subject matter. Neither in respondent's motion to strike nor in his brief does he directly challenge the merits of the contention of petitioner. He seeks to sustain his motion to strike petitioner's petition on two grounds, which we will hereafter state and consider.

As these two grounds are entirely lacking in merit if the order of March 1, 1948, is void, we will consider the merits of the ruling of JUDGE HOFFMAN that JUDGE FISHER lacked jurisdiction of the subject matter when he entered the order of March 1, 1948:

The pertinent part of Section 18 of the Divorce Act reads: "The court may, *on application,* from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper." Respondent admits in his brief that "juris-

diction of the person is one thing and is indispensable, but may be waived. Jurisdiction of the subject matter is entirely different, equally indispensable and cannot be waived or conferred by consent''; that ''jurisdiction of Courts of equity to hear and determine divorce cases is conferred only by statute, and while courts of equity may exercise their powers as such, within the limits of the jurisdiction conferred by the statute, such jurisdiction depends upon the grant of the statute and not upon general equity powers''; that ''Section 15 of the Divorce Act (Section 18 under the prior Act), reserving in the Court a limited power to review alimony decrees, is in the nature of a special grant of power, which cannot be extended beyond its terms, and it does not enlarge the general equity powers of the Court. It only authorizes the Court to make such alterations in the allowance of alimony as shall appear reasonable and proper.'' In *Smith v. Smith,* 334 Ill. 370, the court states (pp. 379–383):

''Courts of equity have no inherent powers in cases of divorce. The jurisdiction of courts of equity to hear and determine divorce cases, and all matters relating thereto, is conferred only by statute. While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute and not upon general equity powers. (*Smith v. Johnson,* 321 Ill. 134.) Section 18 of the Divorce act does not enlarge the general equity powers of the court. It reserves a limited power to review alimony decrees. Being in the nature of a special power .it will not be extended beyond its terms. It only authorizes the court to make such 'alterations' in the allowance of alimony 'as shall appear reasonable and proper.' . . .

'' . . . The limit of its jurisdiction is to 'make such alterations in the allowance of alimony . . . as shall appear reasonable and just.' . . .

360

"It is the settled construction of section 18 that it authorizes the change of a decree for alimony based only upon a changed condition or betterment of property qualifications after the decree to meet additional needs of one entitled to alimony arising after the decree. This is the only ground justifying or authorizing a re-adjustment of alimony by supplemental decree. (*Cole v. Cole*, 142 Ill. 19; *Herrick v. Herrick*, 319 id. 146.) The criterion is not whether the decree was right when entered, because all presumptions are in its favor, but the question is, Has the necessity of the petitioner changed since the rendition of the decree, and has the ability of the husband to contribute to it also changed? (*Craig v. Craig*, 163 Ill. 176.) The first decree is *res judicata* as to previous conditions authorizing alimony in the decree. (*Cole v. Cole, supra.*) *The petition, which is the basis for relief,* does not aver any fact showing an increased ability since the rendition of the decree to contribute to petitioner's increased needs, if there are any. It is not enough that she is dissatisfied with the former decree or that in the respect of allowance it may have been erroneous. (*Craig v. Craig, supra.*) In the *Craig* case this court specifically denied the right of inquiry into the original decree upon an application of the kind now at bar. Indeed, the terms of the statute limit the inquiry to her needs, and his increased ability to supply them, arising after the decree." (Italics ours.)

In *Cole v. Cole*, 142 Ill. 19, the court, in construing Section 18, states (pp. 23, 24):

"*The application for an alteration or modification of the decree* is always addressed to the judicial discretion of the chancellor, and, ordinarily, in the absence of fraud in procuring the decree, the inquiry is, in all cases, whether sufficient cause has intervened since the decree to authorize or require the court, applying equitable rules and principles, to change the

allowance. The cases cited, and others in this court, construe the statute as authorizing the interposition of the court where the circumstances of the parties have changed since the former order, and as giving the court power, for causes accruing subsequently, to alter and modify the allowance to meet the changed conditions of the party. It is not intended to continue the right to alter or modify the allowance upon the state of case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree was deemed erroneous, and it can not be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry. This we understand to be the uniform holding in this State and elsewhere. Bishop (Marriage and Divorce, vol. 2, sec. 429,) says: '*The application for change is founded upon new facts which have occurred since the decree was originally made,* and in the absence of new facts the original decree is deemed to be *res judicata* between the parties, which, like any other judgment, is not to be disturbed on a further hearing.' " (Italics ours.)

 It will be noticed that the court in *Smith v. Smith, supra,* states (p. 382), "*the petition* [application] . . . *is the basis for relief.*" JUDGE FISHER had before him no "*application*" by respondent, by petition, affidavit or otherwise, for relief under Section 18 of the Act, and no showing of any kind of a change of financial circumstances of the parties since the entry of the decree was made. In fact, the order of March 1, 1948, *while entered in the divorce proceedings,* makes no reference to the provisions of the decree of July 11, 1947, nor does it specifically modify any of the terms of the decree. We are satisfied, from the record

362

and the law bearing upon it, that JUDGE HOFFMAN was fully justified in holding that the order of March 1, 1948, was void because JUDGE FISHER lacked jurisdiction of the subject matter.

■ We will now consider the two points relied upon by respondent in support of his contention that JUDGE HOFFMAN erred in overruling his motion to strike the petition. The first point is: "A decree cannot be vacated or amended at a subsequent term, or under the Civil Practice Act after 30 days, for the purpose of correcting an alleged error which involved the merits of the case. Such an error, if one exists, must be reached by appellate review or by bill in the nature of a bill of review. This basic rule has never been questioned in this state." Respondent states: *"Neither defendant nor his attorneys agree that Judge Julius J. Hoffman, on April 25, 1949, was vested with jurisdiction to vacate and set aside as null and void that final decree of March, 1, 1948. Therefore this appeal."* It will be noted that respondent, in the instant contention, does not maintain that JUDGE FISHER had jurisdiction of the subject matter when he entered the order in question. However, as the decretal order of March 1, 1948, is void, the instant contention is without merit.

In *Thayer v. Village of Downers Grove,* 369 Ill. 334, the court states (p. 339):

"It is the rule, as frequently stated by this court, that a judgment or order of confirmation of an assessment cannot be set aside after the term at which it is rendered, nor after the expiration of thirty days following the entry thereof. (*Village of Dolton v. Dolton Estate,* 331 Ill. 88; *Noonan v. Thompson,* 231 id. 588; *McChesney v. City of Chicago,* 161 id. 110.) There are two exceptions, however, to this rule; one is where the court was without jurisdiction to render the judgment entered, and the other is where the judgment was obtained by fraud. (*Village of Dolton v. Dolton Estate,*

*supra.*) Where the court entering the judgment has exceeded its jurisdiction and such judgment or decree transcends the statute conferring jurisdiction on the court, such judgment or decree is void and may be collaterally impeached or set aside on motion after the time for review by appeal has expired. (*Gray v. Black Co.,* 338 Ill. 488; *City of Belvidere v. Iles,* 330 id. 31; *People v. Brewer,* 328 id. 472; *Armstrong v. Obucino,* 300 id. 140.) It is a rule well established that a void judgment or order may be vacated at any time and the doctrines of *laches* and estoppel do not apply.''

The second point raised by respondent is that ''the decree of March 1, 1948 was a consent decree and a contract between the parties, adopted by the Court in its decree. It thereafter concluded the parties. As a contract, it is binding on the parties unless induced by fraud and that question is not open for consideration in this proceeding.'' Respondent cites a number of cases in support of this point. The rule he seeks to invoke and the cases he cites in support of it apply to proceedings where the court had jurisdiction of the subject matter, and respondent concedes that jurisdiction of the subject matter cannot be waived or conferred by consent of the parties.

It must be remembered that respondent entered a special appearance limited to the filing of his motion to dismiss the petition of petitioner, and that when JUDGE HOFFMAN denied his motion to dismiss the petition respondent's counsel elected to stand upon the motion to dismiss the petition and declined to further plead or answer the petition.

We find no merit in the instant appeal and the decretal order of April 25, 1949, of the Superior court of Cook county, is affirmed.

*Decretal order affirmed.*

FRIEND, P. J., and SCHWARTZ, J., concur.