423 P.2d 410

Marian M. HECKATHORN, Plaintiff-
Appellee,

v.

Robert L. HECKATHORN, Defendant-
Appellant.

No. 8130.

Supreme Court of New Mexico.

Jan. 30, 1967.

Dale B. Dilts, Albuquerque, for appellant.

R. Deane Moyer, Albuquerque, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

The appeal involves the validity of a divorce decree. The issues are: (1) jurisdiction, (2) laches, (3) estoppel and (4) public policy.

■ The right to apply for or obtain a divorce is accorded only by statute. Chaney v. Chaney, 53 N.M. 66, 201 P.2d 782. The statutory provision is § 22–7–4, N.M. S.A.1953; the applicable portion states that plaintiff:

"* * * [M]ust have been an actual resident, * * * of the state for one (1) year next preceding the filing of * * * her complaint; * * * *"

The complaint contained no such allegation. The answer denied that the parties had been residents of New Mexico "for more than one year." The "final decree" of March 13, 1963, found that the parties "are residents" of New Mexico and granted the divorce. The decree contains neither recital nor finding that plaintiff was a New Mexico resident for one year immediately prior to filing her complaint.

Defendant by motion filed on November 1, 1965, asked the trial court to declare the final decree to be void. This was a direct

attack on the validity of the decree. Bowers v. Brazell, 27 N.M. 685, 205 P. 715. The motion asserted that neither of the parties had been a resident of New Mexico for one year next preceding the filing of the complaint. After hearing evidence on the question of residence, the trial court overruled the motion. Defendant appeals from this action of the trial court.

There is no record of the evidence, if any, presented to the trial court at the 1963 hearing held prior to granting of the divorce. Thus, there is no record showing that plaintiff met the residence requirement in that hearing. See Canavan v. Canavan, 17 N.M. 503, 131 P. 493. There is nothing to show that the trial court erroneously resolved the residence question in favor of plaintiff. Compare Davey v. Davey, 77 N.M. 303, 422 P.2d 38, opinion issued January 3, 1967; Weaver v. Weaver, 16 N.M. 98, 113 P. 599; 2A Nelson, Divorce and Annulment §§ 21.07 and 21.08 (2d ed. 1961).

In absence of proof to the contrary, there is a presumption of jurisdiction by a court of general jurisdiction. State v. Patten, 41 N.M. 395, 69 P.2d 931; Gomez v. Gomez, 336 S.W.2d 656 (Mo.1960). There being no record of the 1963 proceedings, the validity of the decree rested on this presumption prior to the hearing on defendant's motion.

At the hearing in 1965, there was proof to the contrary. The undisputed evidence shows that the parties were living in California from September 1959 until July 1962. Defendant was employed in California. During the California residence, the parties visited in-laws in Albuquerque and defendant investigated some jobs in New Mexico. However, prior to July 1962 there was no intention to move back to New Mexico. On July 9, 1962, plaintiff left defendant in California and returned to New Mexico. Her divorce complaint was filed December 26, 1962.

Neither party was a resident of New Mexico for a period of one year next preceding the filing of the complaint. The trial court erred in refusing defendant's requested finding to that effect.

What conclusion follows from this lack of one year residence? It is that the trial court lacked jurisdiction and that the decree of divorce is void.

There are three jurisdictional essentials necessary to the validity of every judgment: jurisdiction of parties, jurisdiction of subject matter and power or authority to decide the particular matter presented. In re Field's Estate, 40 N.M. 423, 60 P.2d 945; State v. Patten, supra; Elwess v. Elwess, 73 N.M. 400, 389 P.2d 7. Involved here is the question of power or authority to grant the divorce.

The trial court did not have power to grant a divorce to plaintiff unless she had been a resident for one year immedi-

ately before instituting the divorce proceeding. Weaver v. Weaver, supra. Residence for the required period of time is a necessary jurisdictional prerequisite of divorce in New Mexico. Allen v. Allen, 52 N.M. 174, 194 P.2d 270; Crownover v. Crownover, 58 N.M. 597, 274 P.2d 127. This jurisdictional prerequisite being absent, the decree of divorce was a nullity. Allen v. Allen, supra; Nelson, supra, § 21.08.

Defendant sought and obtained a modification of the child support payments set forth in the divorce decree. He also asked the court to enforce his right to visit the children of the parties. While the record is not clear, it appears that plaintiff has remarried. Nothing in the record indicates her new husband is other than an innocent party.

These facts require a discussion of laches, estoppel and public policy.

The basis for laches would be the delay from March 1963 until November 1965 in attacking the validity of the decree and the remarriage of the plaintiff. In such a situation, laches has been applied. 12 A.L.R.2d 162.

The delay in asserting the invalidity is not a basis for applying laches. Section 21–1–1(60) (b), N.M.S.A.1953, provides for relief from void judgments. There is no time limitation on asserting that the judgment is void. Eaton v. Cooke, 74 N.M. 301, 393 P.2d 329.

The fact of remarriage does not require that laches be applied. As stated in Golden v. Golden, 41 N.M. 356, 68 P.2d 928:

"* * * [W]e see nothing aside from appellant's remarriage which may be relied upon as a ground for denying relief. In many, if not most, of the cases touching upon this question, a remarriage had occurred, yet that fact was not deemed sufficient to deny relief."

Concerning estoppel, Golden v. Golden, supra, states:

"Ordinarily, a party cannot invoke the jurisdiction of a court for the purpose of securing important rights from his adversary through its judgment, and, after having obtained the relief desired, repudiate the action of the court on the ground that the court was without jurisdiction."

The basis for estoppel here would be defendant's acts in obtaining modification of the child support payments.

Atlantic Refining Co. v. Jones, 63 N.M. 236, 316 P.2d 557, was a quiet title action. There, a plaintiff in a Kansas divorce proceeding was estopped to attack the jurisdiction of the Kansas court to grant the decree because she was the one who obtained the decree. The court did not find the decree of divorce to be void.

In Golden v. Golden, supra, the husband claimed that the wife had consented to a Mexican decree of divorce and there-

fore was estopped from attacking the validity of the decree. The wife was held not to be estopped because the decree was void. The decree was void for lack of jurisdiction—there being an absence of the necessary residence in Mexico.

■■■ Estoppel doesn't validate a void decree, but merely closes the mouth of the complainant. Harlan v. Harlan, 70 Cal. App.2d 657, 161 P.2d 490. Estoppel is not applicable because the divorce decree is void. San Fillippo v. San Fillippo, 340 Ill. App. 353, 92 N.E.2d 201.

There are two public policies involved. One relates to the rights of innocent parties, the other relates to the interest that New Mexico has in the marital status.

In Lamar v. Houston, 183 Miss. 260, 184 So. 293, a divorce decree was collaterally attacked on the basis that plaintiff in the divorce action had perpetrated a fraud on the court. The claim was denied because of laches. In so doing, the Mississippi court relied on public policy that:

> " * * *. It would also be unjust and inequitable to thus stigmatize the little girls born of the first marriage by having it now decreed that the divorce obtained by their mother was illegal, and that her living with Fred Houston is adulterous."

Since the decree of the Mississippi court was "not void on its face," the public policy of protecting the rights of an innocent party resulted in a denial of the claim on the basis of laches.

Golden v. Golden, supra, refers to "the solicitude of the state of New Mexico for the marriage status." The opinion says:

> " * * *. The state of New Mexico, the children, and the parties to the marriage are all equally concerned in the marriage status. The parties cannot throw off their marital ties as they would a worn out pair of shoes. Proper machinery of the court is set up to sever the marital bonds when they become beyond endurance, and even then only on certain statutory grounds. * * *

> "That the state is a party interested in the legality of the dissolution of the marriage status of its citizens is well supported by competent authority."

The decree of divorce in this case is void for lack of jurisdiction. The matrimonial status of the parties is as if the issue of divorce had never been presented. . Compare Jernigan v. New Amsterdam Casualty Co., 69 N.M. 336, 367 P.2d 519.

■■■ The public policy of protecting innocent parties cannot give substance to a nullity. The policy of New Mexico is that marriage bonds shall be severed only on the basis set forth in the statute. This policy supports the determination that the decree is void.

■■■ Although the parties are not divorced, it does not follow that the provisions pertaining to custody, child support and visitation are void. The complaint raised issues as to the custody, care and

control of the children of the parties. By § 22–7–6, N.M.S.A.1953, the trial court had jurisdiction over these issues. No issue on the appeal involved the court's orders concerning the children. The orders of the court pertaining to custody, support and maintenance and visitation remain in effect and are binding on the parties unless modified by further order of the trial court.

That portion of the "final decree" granting a divorce is reversed. The cause is remanded to the trial court with instructions to set aside the "final decree" and enter a new decree dismissing the claim for divorce but continuing in effect its latest orders pertaining to the custody, support and maintenance and visitation of the children.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.