This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**U.S. BANK NATIONAL ASSOCIATION**,

Plaintiff-Appellee,

v. NO. 34,946

**THOMAS R. MORALEZ, and if married, JANE DOE MORALEZ (true name unknown), his spouse,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Little, Bradley & Nesbitt, P.A.
Sandra A. Brown
Albuquerque, NM

for Appellee

JRSPC, LLC
Joshua R. Simms
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}     Appellant Thomas Moralez (Appellant) seeks to appeal from an order denying his motion to vacate a foreclosure sale and declare the default judgment against him void for lack of jurisdiction. [DS 2; RP 140] In this Court's notice of proposed disposition, we proposed to dismiss based on an untimely notice of appeal. [CN 1] Appellant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we dismiss.

{2}     As we stated in our proposed disposition, the timely filing of a notice of appeal in the district court is a mandatory precondition to our jurisdiction over an appeal. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that time and place of filing notice of appeal is a mandatory precondition to appellate jurisdiction). [CN 2] Appellant has not pointed to any facts or law demonstrating his notice of appeal was timely filed. *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Nor has Appellant demonstrated any unusual circumstances beyond his control that would allow this Court to exercise its discretion to consider the appeal. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶ 15, 117 N.M. 273, 871 P.2d 369 (stating this Court may exercise its

discretion to consider an untimely appeal in the event of unusual circumstances beyond the control of a party).

{3}     Appellant instead argues a judgment may be challenged as void at any time. [MIO 2] In support of this assertion, Appellant cites to *Heckathorn v. Heckathorn*, 1967-NMSC-017, ¶ 15, 77 N.M. 369, 423 P.2d 410 (stating "[t]here is no time limitation on asserting that the judgment is void."), and *Phoenix Funding, LLC v. Aurora Loan Services, LLC*, 2016-NMCA-010, ¶ 10, 365 P.3d 8 (citing *Heckathorn* for the same proposition), *cert. granted*, 2015-NMCERT-001, ___ P.3d ___ (No. 35,512, Jan. 19, 2016). We note the propositions to which Appellant cites relate to collateral challenges to judgments in district court, not the exercise of appellate jurisdiction to review a judgment challenged as void. *See Heckathorn*, 1967-NMSC-017, ¶¶ 4, 15; *Phoenix Funding, LLC*, 2016-NMCA-010, ¶ 4. Thus, Appellant's argument is unavailing. Accordingly, we dismiss.

{4}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

4