592 P.2d 16 (1978)
In Re the CUSTODY of James Martin ZUMBRUN and Laura Renee Zumbrun.
John P. ZUMBRUN, Petitioner-Appellee,
v.
Joan ZUMBRUN, Respondent-Appellant.
No. 77-1060.
Colorado Court of Appeals, Division II.
December 28, 1978.
Rehearing Denied January 18, 1979.
*17 E. Gregory Martin, P. C., Barre M. Sakol, Boulder, for petitioner-appellee.
William Redak, Jr., Boulder, for respondent-appellant.
VanCISE, Judge.
The marriage of Joan and John Zumbrun, the mother and father of the two children whose custody is involved in this case, was dissolved on October 18, 1976, by decree of a district court in New Mexico. The mother was the petitioner and the father, as respondent, was personally served with process and approved in writing the decree as entered. In that decree the court found that the mother "is a domiciliary of the State of New Mexico . . . and has resided in the State of New Mexico for more than six months immediately preceding the filing of this cause." The mother was awarded custody of the parties' two minor children.
Just prior to entry of the New Mexico decree, the father took the children and moved to Kansas to live with his parents. After the decree was entered, the mother moved to Colorado. On November 26, the mother traveled to Kansas and, in a habeas corpus proceeding, obtained an order directing the return of the children to her in accordance with the New Mexico decree. The mother than returned to Colorado, bringing the children with her.
On January 6, 1977, a dependency action was filed in the juvenile division of the district court by the Boulder County Department of Social Services, as a result of which the children were placed in foster care subject to visitation rights in both parents. The next day the father instituted the present action asking the court to assume jurisdiction and award custody of the children to him, pursuant to the provisions of § 14-13-104, C.R.S. 1973. In May, in the dependency action, both parents, the guardian ad litem for the children, and the Department stipulated and the court ordered the return of the children to the mother, with a review to be held six months thereafter. Then in June in the custody action which is the subject of review here, the same judge held that the district court had jurisdiction to modify the New Mexico decree or, in the alternative, that the New Mexico decree was void for lack of subject matter jurisdiction. The court then awarded the custody of the children to the father and gave him permission to move them to Kansas to reside with him. The mother appeals, and we reverse.

I.
The mother first contends that the trial court's alternative holding, that the New Mexico divorce decree was void for lack of subject matter jurisdiction, was erroneous. We agree.
It is well settled that:
"[T]he requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree."
Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948). See also Annot., 28 A.L.R.2d 1303. That is the situation here. The father accepted service of process in the New Mexico divorce action, had an opportunity to raise the jurisdictional issue, and, instead, approved the decree.
However, relying on Heckathorn v. Heckathorn, 77 N.M. 369, 423 P.2d 410 (1967), the father contends that the decree would be susceptible to collateral attack in New Mexico, and may thus be attacked in Colorado. We do not so interpret the Heckathorn decision. In that case, the New Mexico Supreme Court held merely that a domestic *18 divorce decree is subject to attack on jurisdictional grounds when the complaint in divorce does not allege that the parties were residents of the state for the requisite period, and when the decree contains neither recital nor finding that the mother was a New Mexico resident. As the New Mexico decree in the present case contains recitals as to the mother's residence in, and being a domiciliary of, that state in accordance with the jurisdictional requirements of its divorce statute, this decree would not be subject to collateral attack in New Mexico.
Moreover, even assuming that the divorce decree would be subject to attack, "it does not follow that the provisions pertaining to custody . . . are void." Heckathorn v. Heckathorn, supra. As the father has not here challenged the jurisdiction of the New Mexico court to award custody, we accord full faith and credit to New Mexico's custody order.

II.
The mother next contends that the trial court in the Colorado custody action lacked jurisdiction to modify the New Mexico custody decree. Again, we agree.
Section 14-13-115, C.R.S. 1973, part of the Uniform Child Custody Jurisdiction Act as adopted in Colorado, specifies in pertinent part that:
"[I]f a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction."
The parties do not contend that New Mexico has declined to assume jurisdiction. And, under its own law, New Mexico has continuing jurisdiction to modify its custody decrees. N.M.Stat.Ann. § 22-7-6(C) (1975 Cum.Supp.); Terry v. Terry, 82 N.M. 113, 476 P.2d 772 (1970). See Brown v. District Court, Colo., 557 P.2d 384 (1976). See also Woodhouse v. District Court, Colo., 587 P.2d 1199 (1978).
The key question is whether New Mexico's law of continuing jurisdiction is in substantial accordance with the jurisdictional prerequisites of our Act. Section 14-13-104, C.R.S. 1973, provides, insofar as pertinent here, that a "court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if . . . [t]his state is the home state of the child at the time of commencement of the proceeding . . . ." (emphasis supplied) Thus, if New Mexico was the "home state" at the time the father filed his Colorado petition to modify custody, then New Mexico would have jurisdiction under the Uniform Act and a Colorado court could not then modify the New Mexico decree.
New Mexico was the "home state" because it was "the state in which the child immediately preceding the time involved [January 7, 1977] lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months . . . ." Section 14-13-103(5), C.R.S. 1973. Accordingly, since New Mexico does have the appropriate jurisdiction, a Colorado court "shall not modify" the New Mexico decree. See § 14-13-115, C.R.S. 1973.
In summary, then, we conclude that since the petition for change of custody was filed in this state within six months after entry of the New Mexico decree, and any emergency situation was taken care of in the dependency action, the trial court lacked modification jurisdiction. See In Re Custody of Glass, 36 Colo.App. 91, 537 P.2d 1092 (1975).
The judgment is reversed, and the cause is remanded to the trial court with directions to dismiss the custody action.
ENOCH and BERMAN, JJ., concur.