**In re the MARRIAGE OF Billy Harold McMAHAN, Appellant,**

**and**

**Shirley McMahan, Appellee.**

No. 82CA0439.

Colorado Court of Appeals, Div. I.

Feb. 3, 1983.

Quinn, Mihalik & Wing, Marilyn R. Mihalik, Aurora, for appellant.

Robert R. Gallagher, Jr., Arapahoe County Dist. Atty., James C. Schumacher, Arapahoe County Deputy Dist. Atty., Littleton, for appellee.

PIERCE, Judge.

Billy McMahan (Husband) appeals the trial court's enforcement of those orders of a Georgia divorce decree concerning child support under the Uniform Reciprocal Enforcement of Support Act (URESA). Section 14–5–101, et seq., C.R.S.1973; *see also* Ga.Code Ann. § 99–901a et seq. (1981). We reverse.

The following facts are not disputed by the parties. Husband and wife, domiciliaries of Georgia, married and had two children. The parties resided in Hall County, Georgia.

On December 7, 1976, wife filed a complaint in that county petitioning for divorce according to the laws of Georgia. On the same date, the court executed an order enjoining and restraining the parties from

removing either of the minor children from the jurisdiction of the Georgia court. Included by this order were parties' agents, servants, or employees, or any other person acting in concert with the parties to the action. These pleadings were allegedly served upon husband on or about December 8, 1976. This service, however, was accomplished by a Hall County sheriff who delivered copies of the appropriate pleadings to husband's parents who resided in the same county.

Facts surrounding this service and related court proceedings are in dispute. According to wife's complaint, husband's place of residence at the time of service on or about December 8, 1976, was that of his parents. According to husband's father, husband stayed with his parents for three consecutive days beginning December 3, 1976. Husband's father also states in an affidavit dated December 22, 1976, that service upon him in lieu of service upon husband was made December 9, 1976, and that at that time, husband was not at his parent's residence. According to husband's mother, husband's residence at the time of service upon her and husband's father, was that of the plaintiff. According to husband, he was not in Georgia on December 9; rather, he alleges that he left Georgia that day after staying with friends, and moved to Colorado, taking his son with him.

On December 13, 1976, the Georgia trial court entered temporary orders concerning custody, alimony, and payment of attorney's fees; it further ordered the arrest of husband for removal of the minor child, and finally ordered husband's mother to show cause why she should not be held in contempt of court for violating the temporary order regarding removal of the minor child from Georgia.

On December 22, a Georgia attorney filed a motion to dismiss the divorce action for lack of personal jurisdiction. This pleading was filed on behalf of husband's mother as the respondent, with husband's name within the caption characterized as defendant. The trial court's ruling upon this motion is not included in the record presented for review.

Thereafter, final judgment and decree of divorce was entered by the trial court on April 20, 1977.

The present action was initiated in Georgia after its adoption of the Uniform Reciprocal Enforcement of Support Act (URESA). Georgia Code Ann. § 99–901a et seq. (1981).

In a URESA action, the claiming party may follow either of two procedures. First, that party may file a complaint establishing a prima facie duty to support, which complaint thereby operates to impose a duty on the district attorney in the responding state to prosecute the action, and to do those things necessary to enable the court in the responding state to obtain jurisdiction over the obligor. The responding court is then empowered to find the existence or lack of existence of the duty to support, and then determine the amount of support, if any, that is due.

As an alternative, the complaining party may register a foreign support order in the responding state. The procedures and defenses available thereafter are those applicable to an action to enforce a foreign money judgment. Section 14–5–101, et seq., C.R.S.1973; § 13–62–101, et seq., C.R.S. 1973 (1982 Cum.Supp.). The defenses available to an obligor include lack of personal jurisdiction.

The wife chose the latter procedure in this action. In September 1981, the foreign judgment was registered in the Arapahoe County district court. In October 1981, husband filed a motion to vacate the registration of the foreign judgment. As grounds, he contended the Georgia trial court lacked personal jurisdiction because he had not been personally served with process in the Georgia proceeding. After a hearing, the motion was denied.

During the course of the hearing on this motion, certain affidavits were submitted as evidence and admitted by the trial court without objection. The first affidavit executed by the Georgia trial judge states his findings that the Court had personal jurisdiction over husband. The trial judge stat-

ed: "[I]n my discretion as trial judge I made the determination that personal service had been accomplished, that Billy McMahan had knowledge of the suit, but chose not to appear at trial, and based on these facts, entered a decree of divorce and *in personam* judgment for child support."

A second affidavit executed by the Hall County sheriff who served husband's parents states husband was not present at the residence on December 9, 1976, and on that date he left the papers with husband's parents. He further states he did not personally serve husband.

The Georgia attorney also filed an affidavit which states he filed a motion to dismiss the case on behalf of husband's parents *and husband* on grounds that the court lacked personal jurisdiction and that he filed two supporting affidavits, one from each of husband's parents.

In denying the motion to vacate, the Colorado trial court found that the Georgia trial court had made a finding that personal service had been accomplished and that the full faith and credit clause of the *U.S. Const.*, Art. IV, Sec. 1:

"[D]oes not permit this court to look behind that finding and ascertain whether there is sufficient evidence in the record to support that finding. Comity requires that the court give that finding full faith and credit. Whether or not that finding was supported by evidence in the record is properly the subject of review by the Appellate Court of the State of Georgia, but it is not subject to review under the Full Faith and Credit clause by this court. That clause requires that the court accept that finding. And since the trial judge found that personal service had been accomplished, this court, under the comity clause, is bound to observe it."

■ Although the full faith and credit clause does require the judgments entered in one state be given full faith and credit by a sister state, such credit will not be given if the rendering state lacked jurisdiction to render the judgment in the first instance. *People ex rel. Halvey v. Halvey,* 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947); *Stevens v. Stevens,* 44 Colo.App. 252, 611

P.2d 590 (1980). Thus, the trial court erred in refusing to examine the jurisdictional base of the Georgia divorce decree prior to determining whether enforcement of those orders concerning child support within the decree could be given. *See Gedeon v. Gedeon,* 630 P.2d 579 (Colo.1981); *In re the Custody of Zumbrun,* 42 Colo.App. 37, 592 P.2d 16 (1978).

This determination involves a finding of fact which we are not empowered to make. Therefore, we remand with orders for a new hearing to take evidence and to determine the validity of the jurisdiction of the Georgia court over the husband. Specifically, the court should, after receiving evidence, enter findings and conclusions on the following:

(1) the sufficiency of the service upon husband under the law of Georgia, and, if that was not sufficient;

(2) whether jurisdiction was achieved by the Georgia trial court by virtue of the attorney's entry of appearance in filing a motion to dismiss the action on behalf of husband's mother and husband.

The judgment is reversed and the cause is remanded for a new hearing as specified above.

COYTE and KELLY, JJ., concur.